UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No.   21-CR-378 TJK |
| PAUL RAE, KEVIN TUCK, and | ) |
| NATHANIEL TUCK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION FOR RULE 44 INQUIRY

The United States of America, by its attorney, Matthew M. Graves, United States Attorney for the District of Columbia, and William Dreher, Nadia Moore, and Christopher Veatch, Assistant United States Attorneys, hereby moves the Court to conduct a Rule 44 hearing to determine whether there is good cause to believe that no conflict of interest is likely to arise as a result of the joint representation of co-defendants Paul Rae, Kevin Tuck, and Nathaniel Tuck by defense counsel John Pierce.

Under Federal Rule of Criminal Procedure 44, when two or more defendants are "represented by the same counsel" while "charged jointly under Rule 8(b)," the Court must "promptly inquire about the propriety of joint representations and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(1)-(2). The Court "must" then "take appropriate measures to protect each defendant's right to counsel," unless the Court finds there "is good cause to believe that no conflict of interest is likely to arise." Fed. R. Crim. P. 44(c)(2). The government believes a Rule 44 hearing is necessary to ensure the record is clear on this potential conflict, and seeks such a hearing now, well in advance of any potential trial date in this case.

1

Judge Sullivan was recently faced with a nearly identical situation in *United States v. Lesperance et al.*, No. 21-cr-575 EGS, in which Mr. Pierce jointly represents all three co-defendants. Judge Sullivan appointed separate conflict counsel, Ms. Santha Sonenberg, who is currently undertaking a process of interviewing the three co-defendants and Mr. Pierce to ensure that a conflict is not likely to arise. *See Status Report*, Dkt. 8, No. 21-cr-575 EGS (filed Dec. 10, 2021). Ms. Sonenberg anticipates that that process will conclude by February 1, 2022.

The government would be amenable to a similar process in this case, in which the Court could first appoint conflict counsel; conflict counsel would interview the three co-defendants in this case and Mr. Pierce; and conflict counsel would then inform the Court regarding any issues (or the absence of any issues) prior to or during the Rule 44 hearing.

Mr. Pierce does not oppose a Rule 44 inquiry by this Court, but believes a Rule 44 hearing may be a more efficient way to address these issues than appointing conflict counsel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

/s/ William Dreher
WILLIAM DREHER
Assistant United States Attorney, Detailee
D.C. Bar No. 1033828
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4579

/s/ Christopher K. Veatch
CHRISTOPHER K. VEATCH
Assistant United States Attorney, Detailee
IL Bar No. 6276097
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
christopher.veatch@usdoj.gov

(312) 886-3389

*/s/ Nadia E. Moore*
NADIA E. MOORE
Assistant United States Attorney, Detailee
N.Y. Bar No. 4826566
271 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-6362