UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.      )<br>)   No.   21-CR-378 TJK<br>PAUL RAE,     )<br>)<br>Defendant.   )<br>_____) | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO MODIFY CONDITIONS**

The government files this response to defendant Paul Rae's request to modify his conditions of release. *See* Dkt. 83. With respect to his request to discontinue drug testing, the government defers to pretrial services. He has not had any positive urinalysis results, and his difficulties appear to be related primarily to alcohol, not other illegal drugs. On the other hand, he has been arrested for boating while under the influence, so continuing to monitor his drug intake may be wise.

The government does oppose his request to be released from location monitoring and the requirement that he submit a weekly schedule. The government is unsure what to make of Rae's claim that he "has complied with all of the conditions of his release, including electronic monitoring, for approximately twelve months." Dkt. 83 at 1. As this Court knows, Mr. Rae had several violations of his pretrial conditions in 2021. On May 3, 2021, his local pretrial services officer in the Middle District of Florida reported that he had failed to call weekly as ordered by the Court. On April 29, 2021, the defendant failed to report directly home after work, and instead made an unauthorized stop. Again, on May 2, 2021, the defendant was late getting home. He was admonished for these infractions. *See* Dkt. 16 at 2.

On August 4, 2021, pretrial services reported that Mr. Rae's compliance with his conditions was "marginal." Dkt. 44 at 3. His pretrial services officer reported failures to comply with his conditions on June 9, 2021; on June 25, 2021; and on July 10, 2021. On July 16, 2021, the defendant failed to return home from a boating trip at his scheduled time because, the defendant claimed, his "boat was actually stuck on a sandbar." Dkt. 44 at 3.

Then, on October 3, 2021, another violation report was submitted, stating that the defendant had been arrested for boating under the influence. This time, he was driving his boat at "high speeds" and crashed into a small island, ended up 75 feet from the water line. *See* 21-108 Seminole Man on Federal Supervised Release Arrested in Overnight Boating Crash, Pinellas County Sheriff's Office, *http://pcsoweb.com/21-108-seminole-man-on-federal-supervised-release-arrested-in-overnight-boating-crash* (Oct. 2, 2021). His BUI charge is still outstanding. *See Florida v. Paul Charles Rae*, No. 21-11402-MM (Pinellas County Circuit Court). Mr. Rae's BUI crash casts his earlier boating violation in a different light. At the time of his prior violation, pretrial services noted, Mr. Rae had been specifically admonished to call pretrial services if he was going to be late, yet when he crashed into a sandbar in July 2021, he did not contact law enforcement. Dkt. 44 at 3. His subsequent BUI in similar circumstances at least raises the question why Mr. Rae hesitated to contact pretrial services or law enforcement when he drove his boat onto a sandbar in July.

Mr. Rae was fortunate that, having been arrested on new DUI charges while on federal bond, pretrial services recommended no action be taken by the Court. Since his arrest, Mr. Rae's pretrial services officer has, for obvious reasons, not allowed him to go on non-business related extracurricular activities like weekend trips or boating. The ability to restrict those extracurricular

2

activities, which led to at least two of Mr. Rae's violations, depends on the pretrial services officer's ability to monitor his location and schedule.

Had Mr. Rae complied with his bond conditions for twelve months without incident from the start, he might have been a good candidate to modify his conditions. But instead, Mr. Rae displayed only "marginal" compliance with his pretrial conditions before he was arrested for boating under the influence, a serious and dangerous offense that he was willing to engage in despite being on electronic monitoring. It appears that Mr. Rae only started complying in full with his conditions of release after his pretrial services officer used his current suite of conditions, including the weekly schedule and location monitoring, to rein in Mr. Rae's extracurricular activities. The fact that his new arrest, and the stringent conditions imposed on him by pretrial services in its aftermath, have led Mr. Rae to finally comply with his release conditions indicates that those conditions have worked and should be maintained, especially while he has other pending state charges.

Mr. Rae does not appear to be suffering any hardship from the conditions. He states only that it takes him some time to create a weekly schedule of his upcoming locations, and that sometimes the locations change. Dkt. 83 at 3. Mr. Rae can work with his pretrial services officer should any need to modify the weekly schedule arise. At the very least, Mr. Rae should be kept on location monitoring while his permitted activities are slowly increased, so that he can demonstrate compliance with those conditions even with greater freedom. It would make little sense to jump straight from location monitoring to no monitoring at all, when Mr. Rae had a lengthy history of violations when previously given even some leeway to engage in extracurricular activities.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ William Dreher*
WILLIAM DREHER
Assistant United States Attorney, Detailee
D.C. Bar No. 1033828
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4579

/s/ *Christopher K. Veatch*
CHRISTOPHER K. VEATCH
Assistant United States Attorney, Detailee
IL Bar No. 6276097
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
christopher.veatch@usdoj.gov
(312) 886-3389

*/s/ Nadia E. Moore*
NADIA E. MOORE
Assistant United States Attorney, Detailee
N.Y. Bar No. 4826566
271 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-6362