UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-378 (TJK) |
| : | |
| PAUL RAE (2), : | |
| KEVIN A. TUCK (4), and : | |
| NATHANIEL A. TUCK (5), : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE TO REDACTED REPORT
AND RECOMMENDATION REGARDING SINGLE ATTORNEY
REPRESENTING THREE CO-DEFEDANTS IN THE SAME CASE**

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully submits its response to the Redacted Report and Recommendation Regarding Single Attorney Representing Three Co-Defendants in the Same Case (the "Report and Recommendation"), (Dkt. #88), pursuant to the Court's May 4, 2022 Minute Order, and states as follows:

1. The government has no objection to the recommendations outlined in Section VII of the Report and Recommendations. *See* Dkt. #88 at 24-27. The government concurs with the need for: (a) the appointment of independent conflict counsel for defendants Paul Rae ("Rae"), Kevin Tuck ("K. Tuck"), and Nathaniel Tuck ("N. Tuck"); and (b) an on the record detailed inquiry by the Court of each defendant, under oath, outside the presence of the co-defendants and Mr. Pierce. *See id.*

2. The May 5, 2022 motion to withdraw as counsel for defendants K. Tuck and N. Tuck by Mr. Pierce, (Dkt. #91), and the appearance of Mr. Shipley on behalf of such defendants, (Dkts. #89, 90), does not appear to obviate the need for the appointment of independent conflict counsel and a detailed inquiry by the Court.

3.　　As raised by Ms. Sonenberg during the May 3, 2022 status hearing, Mr. Pierce's continued representation of defendant Rae appears to implicate ethics rules regarding duties owed by attorneys to former clients (i.e., K. Tuck and N. Tuck).[1]

4.　　Similar concerns are raised by Mr. Shipley's representation of K. Tuck and N. Tuck as it appears he was also previously involved in the representation of defendant Rae.[2] In particular, government counsel was asked on March 4, 2022 to include Mr. Shipley as one of the recipients of Mr. Rae's discovery productions, and Mr. Shipley has been copied on email communications relating to Mr. Rae's case. In addition, Mr. Shipley's representation of K. Tuck and N. Tuck, co-defendants in this case, continues to raise the types of potential conflicts discussed in the Report and Recommendation.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES
　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　DC Bar No. 481052

　　　　　　　　　　By:　　/s/ *Christopher K. Veatch*
　　　　　　　　　　　　　　　　　CHRISTOPHER K. VEATCH
　　　　　　　　　　　　　　　　　Assistant United States Attorney, Detailee
　　　　　　　　　　　　　　　　　IL Bar No. 6276097
　　　　　　　　　　　　　　　　　219 S. Dearborn Street, 5th Floor
　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　christopher.veatch@usdoj.gov
　　　　　　　　　　　　　　　　　(312) 886-3389

---

[1] Rule 1.9 of the D.C. Rules of Professional Conduct ("Conflict of Interest: Former Client") states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."

[2] In a March 4, 2022 email, Ryan Marshall informed government counsel, after the government emailed a discovery production to Mr. Marshall and Mr. Pierce in the Rae case, that he was "working more directly will [sic] Mr. Shipley now rather than Mr. Pierce."