UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> PAUL C. RAE, <br><br> Defendant. | Criminal No. 21-cr-378 <br><br> **RENEWED MOTION FOR MODIFICATION OF TERMS AND CONDITIONS OF PRETRIAL RELEASE** |

NOW comes Defendant, Paul C. Rae, by and through his counsel of record, John M. Pierce, Esq., respectfully requesting this Honorable Court to modify his current conditions of release.

**Removal of Ankle Monitor and Freedom to Travel Within the Entire State of Florida:**

In support of this Motion, the Defendant would like the Court to consider the following items:

First, the Defendant does not have a criminal history. Defendant spent ten years as a commercial airline transport pilot and still maintains a pilot's license. In recent years the Defendant has branched out into the business of supplying airline fuels and other supplies for commercial airline transportation. Defendant has two children, including an 18-year-old who is presently applying to the U.S. Naval Academy at Annapolis.

Secondly, the Defendant has made every court appearance in connection to this case. Defendant presents <u>zero</u> likelihood of fleeing from the charges against him.

Thirdly, the Defendant is not a danger to the community and the allegations pending against him do not involve crimes of violence. Further, the defendant was one of the first people charged with events relating to January 6. Since then the courts have not been imposing the condition of an ankle monitor of defendants not charged with a crime of violence.

Fourth, the Defendant has tendered his passport to his Pretrial Services Officer and does not now possess a passport.

Fifth, Defendant has ties to the community and runs his own business. Part of Defendant's business is to test fuel and arrange for pickup and delivery of fuel. The ankle monitor presents a severe obstacle to Defendant's ability to travel and pick up and drop off fuel supplies for Defendant's clients and customers.

Sixth, aside from the previously addressed issued, the Defendant has complied with all of the conditions of release, including electronic monitoring for approximately ten (10) months.

Seventh, the statute governing pretrial release explicitly states that a judicial officer who determines conditions are necessary to assure appearance in court or the safety of the community for a particular defendant, "*shall* order the pretrial release of the person . . . subject to the *least restrictive* further condition, or combination of conditions . . . ." 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

Eighth, Mr. Rae submitted this request previously—while this Court denied such request, the Court did state that Mr. Rae can refile such request after showing a longer pattern of abiding by conditions of release. Such ruling has been in excess of ninety (90) days.

Ninth, the ankle monitor severely restricts Mr. Rae's ability to swim, boat, jog and exercise. Mr. Rae has a swimming pool and his young son is learning to swim. The ankle monitor interferes with Defendant's ability to teach and even to rescue his son in the pool.

Tenth, Defendant's parents live in Florida, but not in the Middle District of Florida. Defendant would like to be able to visit his parents at their farm and to be overnight in places other than his own dwelling.

Undersigned counsel has contacted AUSA's Jennifer Rozzoni and Nadia Moore via email but has received no reply as of the time of this filing.

## CONCLUSION

Wherefore, Mr. Rae respectfully requests this honorable Court to grant his motion to modify the conditions of his pretrial release by eliminating the need for GPS monitoring.

Date: September 7, 2022                             Respectfully Submitted,

*[signature: John M. Pierce]*

John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    I, John M. Pierce, hereby certify that on this day, September 7, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                      /s/ John M. Pierce
                                      John M. Pierce