IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO.: 1:22-CR-378 |
| PAUL RAE | § § § | |

## MOTION TO AMEND PRETRIAL RELEASE CONDITIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant, PAUL RAE, and submits this Motion to Amend Pretrial Release Conditions and would show the following:

I.

Defendant originally appeared before the Honorable Zia M. Faruqi, United States Magistrate Judge, United States District Court, District of Columbia. As a condition of Pretrial Release, it was ordered that PAUL RAE must wear an ankle monitor and must obtain preapproval for any travel outside of the Middle District of Florida. Defendant was released on March 31, 2021. None of the other Defendants on the same indictment as Mr. Rae have an ankle monitor or a curfew as part of their Pre-Trial release conditions. The Defendant has now been wearing the ankle monitor for twenty-two months. The Defendant was one of the first people charged with events relating to January 6th, and since that time, courts have not been imposing the condition of an ankle monitor of defendants not charged with a crime of violence. The Defendant has not had any violations of Pre-Trial Release Conditions since October 28, 2021. Therefore, Defendant requests the Court remove the ankle monitor and curfew as Pre-Trial conditions. The Defendant's Pre-Trial Services Officer, Amy Jackson, said that she will defer to the court regarding this motion.

The Defendant does not have a criminal history, has made every court appearance in connection to this case and does not present a danger to the community. The Defendant presents zero likelihood of fleeing from the charges against him and has tendered his passport to his Pretrial Services Officer.

The statute governing pretrial release explicitly states that a judicial officer who determines conditions are necessary to assure appearance in court or the safety of the community for a particular defendant, "shall order the pretrial release of the person . . . subject to the **least restrictive** further condition, or combination of conditions . . . ." 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

As such, Defendant's Attorney requests a limited modification to his pre-trial release conditions to remove the ankle monitor and curfew as Pre-Trial conditions.

II.

PAUL RAE requests that the Court grant the requested modification to his pre-trial release conditions as requested above. Assistant United States District Attorney Naida Moore and Jason McCullough were contacted regarding the Government's position on the Motion, but Defendant's Attorney had not received a response at the time of filing.

III.

WHEREFORE, PREMISES CONSIDERED, PAUL RAE prays that this motion will be granted.

Respectfully Submitted,

/s/ James Lee Bright
JAMES LEE BRIGHT
Law Offices of James Lee Bright
Texas Bar No.: 24001786
3500 Maple Avenue, Suite 400
Dallas, Texas 75219
(214) 720-7777
(214) 720-7778 FACSIMILE

## CERTIFICATE OF CONFERENCE

On February 1, 2023, James Lee Bright, counsel for Defendant PAUL RAE attempted to confer with Assistant United States Attorneys Nadia Moore and Jason McCullough but had not received a reply at the time of filing.

/s/ James Lee Bright
JAMES LEE BRIGHT
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document United States Attorney's Office, on this the 1st day of February, 2023, via *electronic filing*.

/s/ James Lee Bright
JAMES LEE BRIGHT
ATTORNEY FOR DEFENDANT