**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-CR-378 (TJK)** |
| | : | |
| **ARTHUR JACKMAN** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT

The United States files this opposition to the Defendants' Motions to Dismiss Count One of the Second Superseding Indictment. As explained herein, the D.C. Circuit has addressed and resolved all of the arguments raised in Defendants' Motions. The Defendants' Motions should be denied.

### I.    Legal Standard on Motions to Dismiss

Federal Rule of Criminal Procedure 7(c)(1) states, in relevant part, that "[t]he indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient under the Constitution and Rule 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). This may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976). As such, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting

*United States v. Debrow*, 346 U.S. 374, 378 (1953)).

A defendant may move to dismiss an indictment or count prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(B). A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined *without a trial on the merits*." *Id.* (emphasis added). Although a court's supervisory powers provide the authority to dismiss an indictment, "dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015). Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination. Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *United States v. Bingert*, Case No. 1:21-cr-93 (RCL), ECF 67 (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, 583 F. Supp. 3d 1, 10 (D.D.C. 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence).

An "indictment must be viewed as a whole" and the "allegations must be accepted as true" in determining if an offense has been properly alleged. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

II.    **Argument**

A.    **Section 1512(c)(2) "encompasses all forms of obstructive conduct"**

Defendants first argue that Count One fails to allege an *actus reus* that falls within 18 U.S.C. § 1512(c)(2) because Section (c)(2) is limited to "acts that affect the integrity or availability of evidence" (ECF 159 at 1-4) or conduct that "impairs the integrity and availability of some *evidence*" (ECF 162 at 2-8 (emphasis in original); ECF 165 at 2-7 (emphasis in original)). As argued by the defendants, Section 1512(c)(2) is "limited by the narrow and focused language of subsection (c)(1), and the scope of activity criminalized by its terms is limited to conduct 'otherwise' impairing or altering a document, record, or other object" for the purpose of corruptly obstructing a proceeding. (ECF 157 at 13). Defendants' arguments have been firmly rejected by the D.C. Circuit.

 The D.C. Circuit has made clear that Section 1512(c)(2) applies to all forms of obstructive conduct and not just acts of evidence impairment. *United States v. Fischer*, 64 F.4th 329, 336 (D.C. Cir. 2023). Accordingly, the Second Superseding Indictment (ECF 72) properly states an offense under Section 1512(c)(2).

In *Fischer*, a three-judge panel in the D.C. Circuit addressed three consolidated January 6 cases wherein Judge Nichols held that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' [Judge Nichols] dismissed the § 1512(c)(2) counts" in all three cases. *Id.* The government filed interlocutory appeals and the D.C. Circuit reversed, rejecting Judge

Nichols's reading of Section 1512(c)(2).

*Fischer* held that Section 1512(c)(2) contains no requirement that the obstructive acts be done with respect to a document or record, and that the alleged actions of the January 6 rioters in the cases before the panel "fall[] comfortably within the plain meaning" of the statute's prohibition. *Id.* at 350. But *Fischer* went further than that, ruling that "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to *all forms of corrupt obstruction* of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added). The *Fischer* court concluded that "[this] broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

Although the *Fischer* panel splintered in its discussion of the *mens rea* required for a defendant to act "corruptly," *see id.* at 351-363 (Walker, J., concurring in part), the portion of the opinion concerning the parameters of the *actus reus* required to violate Section 1512(c)(2) was authored by Judge Pan and joined by Judge Walker; it thus constitutes *Fischer*'s binding holding. *See id.* at 336-340; *see also United States v. Brock*, 21-cr-140 (JDB), ECF 107 at 6. *Fischer* thus confirms that the indictment in this case is sufficient.

Earlier this month, the D.C. Circuit affirmed this broad reading of Section 1512(c)(2)'s *actus reus* in *United States v. Brock*. No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024). Rejecting the defendant's argument that Section 1512(c)(2) is limited to acts of "evidence impairment" or "actions taken with respect to a document, record, or other object," the D.C. Circuit explained that "[u]nder *Fischer* . . . Section 1512(c)(2) serves as a 'catch-all' provision 'that covers otherwise obstructive behavior that might not constitute a more specific offense involving documents, records, or objects under [Section] 1512(c)(1).'" *Id.* at *4 (quoting *Fischer*, 64 F.4th

4

at 337).

As *Brock* makes clear, so long as *Fischer* remains the governing law of this Circuit, the Defendants' argument is meritless.[1]

**B.     "Official proceeding" includes Congress's certification of the Electoral College vote**

Second, Defendants Jackman, Rae, and George argue that Congress's constitutionally mandated process of counting the electoral college votes of the presidential election and certifying the next President and Vice President of the United States does not constitute an "official proceeding." ECF 159 at 2-6; ECF 162 at 8-13; ECF 165 at 7-12. Instead, Defendants Jackman, Rae, and George claim that the term "official proceeding" narrowly includes those proceedings that are "related to adjudication, deliberation, and the administration of justice." ECF 162 at 8; ECF 165 at 8; *see also* ECF 159 at 5 (Section 1512(c)(2) was "never intended to apply to an event, like the vote count, that involves no witness testimony, documentary or tangible evidence, or meaningful adjudication."). Again, the D.C. Circuit has rejected this argument.

"The statutory definition of 'official proceeding' under § 1512(c)(2)," the D.C. Circuit has held, "includes a 'proceeding before the Congress.'" *Fischer*, 64 F.4th at 342-43 (quoting 18 U.S.C. § 1515(a)(1)(B)). "Although appellees strain to argue that the Electoral College vote certification is not a 'proceeding before the Congress' because it does not involve 'investigations and evidence,' we see no such limit in the ordinary meaning of the word 'proceeding.'" *Id.* (citing *Proceeding*, Oxford English Dictionary (2d ed. 1989) ("[T]he carrying on of an action or series of actions.")). "Notably," the Circuit continued, "Congress follows statutory directives to complete the certification of the Electoral College vote, including: (1) convening a joint session at 1:00 PM

---

[1] The United States Supreme Court granted certiorari in United States v. Fischer, *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Oral argument is scheduled for April 16, 2024.

on January 6 in the year following the presidential election; (2) appointing four tellers to read and list the votes; (3) announcement of the voting results by the President of the Senate; and (4) allowing written objections from members of Congress, subject to a procedure for submitting and resolving such objections. Those directives reflect Congress's own intent that the vote certification shall be a 'proceeding before the Congress.'" *Id*. at 343 (citations omitted). As such, this Court should refuse to adopt Defendant Jackman, Rae, and George's definition of "official proceeding" that is "inapt when interpreting the meaning of a 'proceeding *before the Congress*.'" *Id*. (quoting 18 U.S.C. § 1515(a)(1)(B)); *see also United States v. Anthony Puma*, 596 F. Supp. 3d 90, 97-102 (D.D.C. 2022) ("The Court concludes that Congress' activities on January 6, 2021, clearly constitute a formal assembly akin to a hearing and thus fall within this definition of an 'official proceeding' before 'the Congress.'") (citing Section 1512).

### C.     "Corruptly" is not unconstitutionally vague

Third, Defendants Jackman and George argue that the term "corruptly," as used in Section 1512(c)(2), is unconstitutionally vague, rendering the statute constitutionally invalid. ECF 162 at 13-17; ECF 165 at 12-16. As an initial matter, this argument is irrelevant at this stage because Count One is properly pled. Recognizing that the court had not agreed upon a definition of "corruptly," Judge Walker in *Fischer* explained that the indictments in that case nonetheless "should be upheld" because "[e]ach contains 'the essential facts constituting the offense charged.' That's because they allege that the Defendants 'corruptly obstruct[ed], influence[d], and impede[d] an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote." *Fischer*, 64 F.4th at 361 (Walker, J., concurring) (quoting Fed. R. Crim. P. 7(c)(1)). So too here: the indictment sufficiently alleges that the Defendants acted corruptly, and the Court should leave the exact definition of that term for another day, when the issue is properly before the Court.

In any event, the term "corruptly" is not unconstitutionally vague. The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the government from "depriv[ing] any person of life, liberty, or property, without due process of law." An outgrowth of the Due Process Clause, the "void for vagueness" doctrine prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Notably, the void for vagueness doctrine is narrow. The challenger must overcome a strong presumption that duly enacted statutes are constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language."). Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam). Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). Indeed, district courts here have recognized a high bar for rendering a statute unconstitutionally vague and have advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask. Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-cr-40-BAH, 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted); *see also United States v. Harmon*, No. 19-cr-395-BAH,

2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 void-for-vagueness motion). In sum, "[a] statutory term is not rendered unconstitutionally vague because it does not mean the same thing to all people, all the time, everywhere. . . . Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning specifies no standard of conduct . . . at all." *Puma*, 576 F. Supp. 3d at 103 (quoting *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017)).

Although the D.C. Circuit did not resolve the meaning of the term "corruptly" in *Fischer*, both judges who joined the lead opinion determined that the term is not unconstitutionally vague as used in Section 1512(c)(2). *See Fischer*, 64 F.4th at 339-42 (Pan, J.) (explaining that, under any formulation, "'corrupt' intent exists at least when an obstructive action is independently unlawful," and that "appellees err in arguing that the term 'corruptly' 'takes on unconstitutional vagueness' in circumstances outside the context of a judicial proceeding"); *id.* at 352 (Walker, J.) (explaining that his interpretation of "corruptly" "avoids vagueness").

More recently, in *United States v. Robertson*, the D.C. Circuit agreed that the term "corruptly," as used in Section 1512(c)(2), withstands a vagueness challenge. 86 F.4th 355, 369 (D.C. Cir. 2023). The *Robertson* court did not seek to identify *all* of the "multiple ways" in which Section 1512(c)(2)'s corrupt intent requirement could be satisfied. *Id.* at 368. Rather, it explained that the definition used in that case, which treated independently unlawful conduct as "corrupt," was not vague and, instead, "provide[d] an objective measure of culpable conduct that is straightforward to apply." *Id.* at 368–69. And, in *Brock*, the D.C. Circuit held that the district court did not clearly err by reading "corruptly" to require a showing of "dishonesty, an improper purpose, or consciousness of wrongdoing," noting that *any one of these showings* may be sufficient to establish corrupt intent. *Brock*, 2024 WL 875795 at *6.

Every district court in the January 6 context, aside from Judge Nichols, has promulgated

jury instructions adopting some form of the language referenced in *Brock*—most commonly requiring that a defendant used illegal means or acted with an improper purpose, and also had consciousness of wrongdoing. *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF 112); *United States v. Elmer Rhodes, et al*, 22-cr-15-APM (ECF 396); *United States v. Doug Jensen*, 21-cr-6-TJK (ECF 97). And Judge Nichols has convicted a defendant of violating 18 U.S.C. § 1512(c)(2) in a bench trial.  *See United States v. Richard L. Harris*, 21-cr-189 (CJN) (June 14, 2023, Minute Order).

The term "corruptly" "not only clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct—even when done with the intent to obstruct, impede, or influence the official proceeding.'" *Puma*, 576 F. Supp. 3d. at 103 (quoting *Sandlin*, 575 F. Supp. 3d 16, 33 (D.D.C. 2021)). It presents no vagueness concern.

### D.      The rule of lenity does not apply

Finally, the D.C. Circuit has rejected the rule of lenity argument advanced by Defendants Jackman and George. ECF 162 at 17-18; ECF 165 at 17-18. Specifically, Defendants Jackman and George suggest that any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." ECF 162 at 17; ECF 165 at 17. Defendants overstate the reach of the rule of lenity, and the D.C. Circuit has firmly rejected the notion that the statute is ambiguous.

The rule of lenity applies "only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended.'" *Fischer*, 64 F.4th at 350 (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (1994)). In addressing *Fischer*, the Circuit concluded, "the language of § 1512(c)(2) is clear and unambiguous. Restraint and lenity therefore

have no place in our analysis." *Id*.

## Conclusion

For the foregoing reasons, this Court should deny the Defendants' Motions to Dismiss Count One of the Second Superseding Indictment.

<div style="margin-left: 40%;">

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/  Jason McCullough*
JASON B.A. MCCULOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
SAMANTHA R. MILLER
N.Y. Bar No. 5342175
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7233 // jason.mccullough2@usdoj.gov

</div>