UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-CR-378-2 (TJK) |
| | : | |
| PAUL RAE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PAUL RAE'S
MOTION TO SUBSTITUTE COUNSEL AND CONTINUE SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Paul Rae's Motion to Substitute Counsel and Continue Sentencing, ECF No. 228 ("Mot.").

On August 28, 2024, Rae pleaded guilty to Counts Two and Eleven of the Third Superseding Indictment. This Court set sentencing for December 6, 2024—approximately 90 days after the entry of the plea. On November 8, 2024, the defendant moved through counsel Samuel Moore to continue sentencing, citing concerns over travel logistics and the impact of recent hurricanes. ECF No. 219. The defendant's motion identified no issues with the attorney-client relationship. *Id.* To the contrary, the motion stated that Counsel Moore planned to "*continue* collecting relevant and possibly mitigating information on Mr. Rae's behalf" and that counsel would "*continue* preparing for sentencing." *Id.* (emphasis added). On November 15, 2024, the Court denied that motion. Minute Order (Nov. 15, 2024).

Now, just eleven days after the Court's denial of the defendant's motion to continue, the defendant moved through counsel William Shipley to substitute for counsel Samuel Moore. *See* Mot. The motion offers no justification for a change in counsel on the eve of sentencing or for a continuance of sentencing. *Id.* The motion states simply that defendant contacted Mr. Shipley on

November 23 (i.e., eight days after the Court's denial of the motion to continue). *Id.* The motion does not offer any basis on which the defendant's longstanding counsel, Samuel Moore, would be permitted to withdraw less than two weeks before sentencing, nor is there any stated basis to do so. The defendant has not alleged any potential conflict related to Mr. Moore's representation; on the contrary, as his motion acknowledges, the substitution of counsel would *create* a potential conflict of interest, as Mr. Shipley already represents two of Mr. Rae's co-defendants. The motion also does not state any basis for the requested continuance, aside from implying that it would be more convenient for Mr. Shipley to handle Mr. Rae's sentencing on the same date as the Tucks' sentencing. *Id.* at 3 (requesting that Mr. Rae's "sentencing hearing be continued to January 8, 2025, the same date as the sentencing hearing of his co-Defendants").[1]

    The Supreme Court and the circuit courts of appeal have repeatedly recognized the bedrock principle that the Sixth Amendment right to choice of counsel is not absolute and that a district court has broad discretion to balance that right against competing interests, including the Court's schedule and the efficient administration of justice. *See, e.g.*, *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); *United States v. Burton*, 584 F.2d 485, 486 (D.C. Cir. 1978) (The right to counsel "'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' The public has a strong interest in the prompt, effective, and

---

[1] Counsel William Shipley has separately moved to "vacate all dates and hearings" for the Tucks and to set a status conference for the week of February 2, 2025. ECF No. 220.

efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force." (quoting *Lee v. United States*, 235 F. 2d 219, 221 (D.C. Cir. 1956)).

Given that the defendant is presently represented by capable counsel (who filed a motion on behalf of the defendant earlier this month), has not provided any justification for his request to substitute counsel at this late juncture, and the creation of a potential conflict of interest that a last minute replacement here would produce, the Court should use its discretion to deny the motion. Sentencing memoranda should remain due November 27, and sentencing should proceed as scheduled on December 6.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Jason McCullough*
JASON B.A. MCCULLOUGH
DC Bar No. 998006; NY Bar No. 4544953
MONIKA (ISIA) JASIEWICZ
D.C. Bar No. 1024941
Assistant United States Attorneys
601 D Street NW
Washington, DC 20530
(202) 252.7233
jason.mccullough2@usdoj.gov